■ ELDOR CONTRACTING CORP., Respondent-Appellant, v COUNTY OF NASSAU, Defendant and Third-Party Plaintiff-Appellant-Respondent. CENTRUM CONSTRUCTION Co., INC., et al., Third-Party Defendants-Appellants-Respondents. (And Another Third-Party Action.) [744 NYS2d 896] —In an action to recover damages for breach of a construction contract, the defendant third-party plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Ort, J.), entered January 22, 2001, as denied its motion for summary judgment dismissing the complaint, the third-party defendants separately appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was for summary judgment dismissing the complaint, and the plaintiff cross-appeals from so much of the same order as denied its motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on its first cause of action, and substituting therefor a provision granting that branch of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff, payable by the appellants-respondents appearing separately and filing separate briefs.

The Supreme Court properly denied those branches of all three motions which were for summary judgment on the plaintiff's second cause of action to recover damages for delay incurred during the performance of a construction contract. There is a question of fact regarding whether the County of Nassau (hereinafter the County) hindered the plaintiff from complying with the five-day notice of claim requirement in Paragraph XLIII of the parties' contract (*see Tug Hill Constr. v County of Broome,* 270 AD2d 755). A County official announced at a progress meeting in September 1992 that delay claims would not be addressed until after the completion of the project. A rational trier of fact might infer that this had been the County's position throughout the project, which had been plagued by delays almost from its inception, and that such a stance on the part of the County would hinder the plaintiff contractor from filing a notice of claim within five days of incurring delay-induced damages.

However, the plaintiff is entitled to summary judgment on its first cause of action. The County admitted in its verified answer that it owed the total contract amount claimed by the plaintiff, and the County's denials that post-action payments it made were toward this amount were disproved by the plaintiff. The third-party defendants, in effect, concede that this money is owed to the plaintiff. Accordingly, the plaintiff is entitled to its outstanding contract balance in the sum of $14,341.71, plus interest from January 31, 1994, when the County declared the project completed.

The remaining contentions raised on the appeals and cross appeal are without merit. Prudenti, P.J., Florio, Smith and H. Miller, JJ., concur.